UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:25-cv-21651-CIV-GOODMAN

PEDRO ANAYA,

      Plaintiff,

v.

MAYOR MIAMI CITY HALL,

      Defendant(s).

_____/

### ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO RENEW

In this action for alleged civil rights violations under 42 U.S.C. § 1983, *pro se*[1] Plaintiff Pedro Anaya ("Anaya" or "Plaintiff") filed a Complaint [ECF No. 1 ("Complaint")], an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) [ECF No. 3],[2] and a Motion for Referral to the Volunteer Attorney

---

[1] "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

[2] On May 7, 2025, Plaintiff paid the $ 405.00 filing fee and, as a result, the Court denied as moot the motion to proceed *in forma pauperis* [ECF Nos. 3; 7; 8]. There is therefore no need to discuss that motion further.

Program [ECF No. 4]. Plaintiff later filed a "supplement" to the Complaint. [ECF No. 6 ("Supplement")].

"Pursuant to Administrative Order 2025-11, the undersigned Chief United States Magistrate Judge has been assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment." [ECF No. 5, p. 1].

For the reasons stated herein, the Undersigned **dismisses without prejudice (but with leave to amend)** Plaintiff's Complaint [ECF No. 1], **strikes** the Supplement [ECF No. 6] as an unauthorized filing, and **denies as moot** the motion for referral to the Volunteer Attorney Program [ECF No. 4].

**I.     Background**

Plaintiff initiated this action by filing a complaint on a pre-printed, fill-in-the-blank form, which (presumably) he completed himself. [ECF No. 1]. In Section I of the Complaint, he listed "Miami City Hall" as a defendant and under job or title, he wrote "Mayor." *Id.* at 2. The Court notes that Plaintiff listed only Miami City Hall in the case caption for both the Complaint [ECF No. 1, p. 1] and the Civil Cover Sheet [ECF No. 1-1]. But it is not entirely clear whether Plaintiff intended to sue Miami City Hall, the Mayor, or both. Under Section II (Basis for Jurisdiction), Plaintiff indicated that he was suing state or local officials by bringing a Section 1983 claim. [ECF No. 1, p. 3].

He further alleged that he had suffered the following constitutional or statutory rights violations: "right of speech[,] religion, protections against unreasonable searches[,] [and] cruel and unusual punishments." *Id.* (capitalization omitted; grammatical errors in original). Under subsection C (concerning *Bivens*[3] claims), Plaintiff wrote "all above" and "*Miranda* rights violated." *Id.*[4]

The Complaint alleged that Plaintiff was subjected to a strip search (or, possibly, multiple strip searches), where he was required to "bend over with [his] [buttocks] spread out[,]" "cough [three] times, and lift [his] [scrotum]." *Id.* at 4. This incident (or incidents) allegedly took place from "2011 through 2021." *Id.* [Plaintiff did not specifically identify the actors (presumably police officers or jail personnel) who engaged in this purportedly unlawful strip search.]

The Complaint also alleged "excessive police force with injuries" and "death attempts with torture," but it is unclear whether Plaintiff is characterizing the strip search(es) as such or whether he is referring (in a vague and conclusory manner) to some other event(s). *Id.* Even more confusing, although Plaintiff wrote "excessive police force

---

[3]   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

[4]   Although Plaintiff completed the portion of the pre-printed form addressing *Bivens* claims, Plaintiff is not bringing a *Bivens* claim because he has not sued any federal officials. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("A § 1983 suit challenges the constitutionality of the actions of state officials; a *Bivens* suit challenges the constitutionality of the actions of federal officials.").

**with injuries**,"[5] under the "Injuries" section of his Complaint (Section IV), he wrote "none." *Id.* at 5.

Lastly, under the section addressing relief (Section V), Plaintiff stated that he was seeking to "[h]ave all record cleared for false arrest on file City of Miami." *Id.* (grammatical errors in original).

For the reasons discussed below, Plaintiff's Complaint is an impermissible shotgun pleading, fails to name proper defendants, and fails to state a claim upon which relief can be granted.

## II.     Other Lawsuits

Although Plaintiff has not been flagged as a restricted filer,[6] since October 16, 2024, he has filed a total of seven lawsuits (including the instant action) alleging Section 1983 claims against "City Hall Miami Beach", "Miami Beach City Hall", "Miami Beach City Hall Mayors", "Miami City Hall" and/or "Mayor", and one lawsuit against the U.S. Drug Enforcement Administration.

For the most part, judges in this District have dismissed without prejudice

---

[5]     [ECF No. 1, p. 4].

[6]     A "restricted filer" is a litigant upon whom the Court has placed prefiling restrictions due to a history of repetitive or vexatious litigation. "The Court is authorized to restrict access to vexatious and abusive litigants" and "such litigants only require fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Vanness v. Evil Empire Crim. Enter.*, No. 25-21220-CIV, 2025 WL 869998, at *5 (S.D. Fla. Mar. 20, 2025) (citations and internal quotation marks omitted).

Plaintiff's lawsuits for myriad pleading deficiencies: filing a shotgun pleading; failing to establish this Court's jurisdiction; and improperly suing a building (as opposed to a person or legal entity that can be sued). *See Anaya v. City Hall Miami Beach*, Case No. 1:24-cv-23995-RKA ("Judge Altman case") (dismissing lawsuit for failure to file amended complaint correcting shotgun pleading and improper defendant deficiencies); *Anaya v. Miami City Hall*, Case No. 1:24-cv-23996-BB ("Judge Bloom case") (dismissing case without prejudice for failing to plead diversity jurisdiction requirements and failing to name a legal entity that can be sued); *Anaya v. Miami City Hall*, Case No. 1:25-cv-20599-RKA (dismissing action without prejudice on shotgun pleading, improper defendant, and failing to plead jurisdiction grounds); *Anaya v. Miami Beach City Hall*, Case No. 1:25-cv-20601-CMA (dismissing case without prejudice because complaint was a shotgun pleading that named an improper defendant and failed to establish jurisdiction); *Anaya v. Miami Beach City Hall Mayors*, Case No. 25-cv-21650-EIS ("Judge Sanchez case") (still pending);[7] and *Anaya v. U.S. Drug Enf't Admin.*, Case No. 1:25-cv-20515-RAR (dismissing case for failure to establish diversity jurisdiction; failure to plead waiver of sovereign immunity; and shotgun pleading grounds).

As discussed below, Plaintiff failed to heed the Judges' repeated instructions in his earlier cases and continues to make some of the same mistakes in the instant Complaint

---

[7] Although the Judge Sanchez case is still pending, it is likely that Judge Sanchez will dismiss Plaintiff's complaint without prejudice (given the similar pleading deficiencies alleged in that case).

[ECF No. 1]. As a result (and as discussed in more detail below), this Court will **dismiss** Plaintiff's Complaint [ECF No. 1] **without prejudice** (but with **leave to amend**, if possible).

**III.   Applicable Legal Standard and Analysis**

A district court's inherent authority to control its docket includes the ability to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Weiland, 792 F.3d at 1320). The Eleventh Circuit has also noted that district courts should require a plaintiff to replead a shotgun complaint **even when the defendant does not seek such relief**. *See Hirsch v. Ensurety Ventures, LLC*, No. 19-13527, 2020 WL 1289094 at *3 (11th Cir. Mar. 18, 2020).

Our appellate court has stated that the purpose of Federal Rules of Civil Procedure 8 and 10 is to "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Complaints that violate Rule 8 or Rule 10 are termed "shotgun pleadings," and the Eleventh Circuit has consistently condemned such pleadings for more than three decades. *See Davis v. Coca-Cola Bottling Co. v. Consol*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting cases) (abrogated on other grounds).

> There are four types of shotgun pleadings:
>
> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of **being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action**. The third type of shotgun pleading is one that commits the sin of **not separating into a different count each cause of action or claim for relief**. Fourth, and finally, there is the relatively rare sin of **asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against**.

*Weiland*, 792 F.3d at 1321–23 (footnotes omitted; emphasis added).

"The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources." *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018)).

IV.    **Analysis**

   A.    **Shotgun Pleading**

At the outset, Plaintiff's Complaint must be dismissed as a shotgun pleading. It is conclusory and vague; includes context-free words such as "death attempts with torture" without any supporting facts; purports to allege multiple rights violations without separating each cause of action into separate counts (or numbered paragraphs); and fails to identify who carried out these alleged acts or omissions. In fact, the Court is uncertain *who* Plaintiff is suing (*i.e.*, Miami City Hall, the Mayor, or both). As pled, the Complaint does not permit Defendant(s) to "discern what [Plaintiff] is claiming and frame a responsive pleading." *Barmapov*, 986 F.3d at 1324.

The Undersigned notes that this is not the first time this Court has dismissed a complaint filed by Plaintiff on this ground. In the Judge Altman case, the Court noted that:

> [Anaya's] [c]omplaint easily falls into the second and third categories of shotgun pleading because it "is replete with conclusory [and] vague . . . facts[,]" and because it "fails to separate into a different count each cause of action[.]" [*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland*, 792 F.3d at 1322–23)]. Indeed, **Anaya's Complaint never tells us who violated his rights or how those rights may have been violated**. It's also impossible for us to say how many claims Anaya is trying to assert because **his allegations are all mashed together in two short, run-on sentences**. *See ibid.* Because Anaya's Complaint isn't composed of "short and plain statement[s] . . . showing that the pleader is entitled to relief[,]" it is a shotgun pleading which fails to state a claim upon which relief may be granted. FED. R. CIV. P. 8(a)(2); *see also Poole v. Bradshaw*, [No. 24-cv-80469,] 2024 WL 1675304, at *3 (S.D. Fla. Apr. 17, 2024) (Altman, J.) ("[B]y definition, a shotgun pleading is a complaint 'that violates either Federal Rule of Civil

8

> Procedure 8(a)(2) or Rule 10(b), or both.'" (quoting *Barmapov*[, 986 F.3d at 1324])).

[Case 1:24-cv-23995-RKA, ECF No. 7, p. 3]; *see also* [Case No. 1:25-cv-20599-RKA, ECF No. 5, p. 3 (describing Anaya's complaint as "an impermissible 'shotgun pleading' that doesn't comply with the pleading standards set out in the Federal Rules of Civil Procedure")].

Similarly, in the Judge Ruiz case, the Court described Plaintiff's complaint as "a **quintessential shotgun pleading**" because it "contain[ed] 'conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." [Case 1: 25-cv-20515-RAR, ECF No. 4, pp. 5–6 (quoting *Weiland*, 792 F.3d at 1322) (emphasis added)]; *see also* [Case No. 1:25-cv-20601-CMA, ECF No. 4, p. 2 (referring to Anaya's complaint as a "quintessential shotgun pleading")].

### B.  Other Pleading Deficiencies

Because the Court will be dismissing Plaintiff's Complaint as a shotgun pleading and will be providing Plaintiff with an opportunity to amend, it will address other deficiencies (which would themselves be grounds for dismissal), with the hope that Plaintiff will heed these instructions, even though earlier admonitions have been ignored.

#### 1.  Section 1983 Overview

Plaintiff's Complaint fails to state a claim under Section 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th

Cir. 1994) (quoting *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (certain internal quotation marks omitted)). To state a claim under Section 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a **person acting under color of state law**." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *see also Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) ("A defendant acts under color of state law when she deprives the plaintiff of a right through the exercise of authority that she has by virtue of her government office or position.").

### 2.  Improper Defendant(s)

"In order to sustain a § 1983 claim, the named defendant must be an entity [or person] subject to suit." *Freeman v. Fla.*, No. 3:20CV5576/MCR/EMT, 2021 WL 2667529, at *3 (N.D. Fla. Apr. 30, 2021), *report and recommendation adopted*, No. 3:20CV5576-MCR-EMT, 2021 WL 2661575 (N.D. Fla. June 29, 2021) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). Moreover, "[t]he capacity of a party to be sued is determined by the law of the state in which the district court sits." *Id.*

For starters, Plaintiff may not name Miami City Hall as a defendant. Miami City Hall is a *location*. It is **not** a legal entity with the capacity to sue and be sued. As United States District Judge Roy K. Altman warned Plaintiff in an earlier case, Plaintiff cannot sue *buildings*:

> **Anaya is also prohibited from naming "Miami Beach City Hall" as a [d]efendant. A city hall is a building—not a person or entity that's**

10

> **capable of being sued in federal court.** *See, e.g., Jones v. City of Miami*, [No. 23-cv-23024,] 2023 WL 5289248, at *3 (S.D. Fla. Aug. 17, 2023) (Altman, J.) ("Jones also cannot sue [the Turner Guilford Knight Correctional Center] itself because the jail is a building—not an entity that's capable of being sued."); *Longdon v. Cobb Cnty. Adult Det. Ctr.*, [No. 1:21-CV-4538-AT-JSA,] 2022 WL 22380632, at *2 (N.D. Ga. Mar. 1, 2022) (Anand, Mag. J.) ("The CCADC is a building, not a person, and thus cannot be sued under § 1983.").

[Case No. 24-cv-23995-RKA, ECF No. 7, pp. 3–4 (record citation omitted; emphasis added)]; *see also Freeman*, 2021 WL 2667529, at *3 (noting that "there is no such legal entity as the Escambia County Road Prison" and that "[e]ven if there was, it would not be a 'person' subject to suit under § 1983).

United States District Judge Beth Bloom also explained this concept to Plaintiff:

> **Plaintiff's claims must [ ] be dismissed as the named Defendant, Miami City Hall, is not a legal entity capable of being sued.** Although municipalities like the City of Miami or Miami-Dade County have the power to sue and be sued, **Miami City Hall is a governmental building not a governing municipality**. *See Titus v. Miami Dad[e] County Water and Sewer Dep't.*, Case No. 15-22316-cv-COOKE/TORRES, 2016 WL 3544494, at *2 (S.D. Fla. June 29, 2016) ("Under Florida law, municipalities have the power to sue or be sued"); *Jones v. City of Miami*, Case No. 23-cv-23024-ALTMAN, 2023 WL 5289248, at *3 (S.D. Fla. Aug. 17, 2023) (explaining that because the named defendant was a building, it was not capable of being sued as a person under § 1983) (citing *Teartt v. Pasco Cnty. Jail*, No. 8:10-CV-565-T-30TGW, 2010 WL 996513, at *1 (M.D. Fla. Mar. 17, 2020)). **Since Miami City Hall is not an autonomous governing body, it may not be sued for violations by government officials. Consequently, the Court must dismiss the Complaint**.

[Case 1:24-cv-23996-BB, ECF No. 6, p. 5 (emphasis added)]; *see also* [Case No. 1:25-cv-20601-CMA, ECF No. 4, p. 3 (dismissing case without prejudice because (among other things) Anaya filed a lawsuit against Miami Beach City Hall, an entity that is not capable

11

of being sued)].

Plaintiff must **name** the *individuals* who allegedly violated his rights and, if he also wishes to sue either the city or the county (depending on who employed the individual actors), then Plaintiff must also plead (if possible) municipal liability. As Judge Altman informed Plaintiff:

> **If Anaya was trying to sue individual Miami Beach employees, he must name "the individual employees and officers . . . who were personally responsible" for the alleged acts**. *Jones*, 2023 WL 5289248, at *3 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). **If, on the other hand, Anaya was trying to sue the City of Miami Beach itself, he must show that the City "had a custom or policy that constituted deliberate indifference to [his] constitutional right[s]."** *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). We warn Anaya, however, that he cannot allege the existence of a "custom or policy" based only on "random acts or isolated incidents." *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986); *see also Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) ("'Proof of a single incident of unconstitutional activity is not sufficient to impose liability' against a municipality." (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985))).

[Case No. 24-cv-23995-RKA, ECF No. 7, p. 4 (emphasis added)].

To the extent that Plaintiff seeks to sue the Mayor of Miami ("Mayor"), "[s]upervisory officials, such as the [m]ayor and [g]overnor, are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Wusiya v. City of Miami Beach*, No. 12-24233-CIV, 2013 WL 11322661, at *6 (S.D. Fla. Dec. 20, 2013), *report and recommendation adopted*, No. 12-24233-CIV, 2014 WL 11395056 (S.D. Fla. Aug. 29, 2014), aff'd, 614 F. App'x 389 (11th Cir. 2015).

To establish liability against a supervisory official, Plaintiff must allege that the "supervisory official [ ] either personally participate[d] in the alleged unconstitutional conduct . . ., or there [is] a causal connection between the actions of the supervisory official and the alleged constitutional deprivation." *Id.* Here, Plaintiff sets forth **no** allegations against the Mayor, much less allegations upon which he could be found liable under Section 1983 for a constitutional violation.

Moreover, as this Court has explained, the Mayor is not in charge of the City of Miami police force:

> The City Charter establishes the powers and duties of City officials. *See generally* Miami, Fla. Charter. **The City Charter charges the city manager with seeing that the laws are enforced and with exercising control over all administrative departments established by the City Charter.** *Id.* at Part I.A. § 16(a), (c). The police force is part of the Department of Public Safety, an administrative department. *Id.* at Part I.A. §§ 18, 24. While the mayor appoints the city manager, and has the authority to remove a city manager, **the Charter expressly places the ultimate control of the City's administrative departments—and the police force—in the city manager's hands**.

*Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1297 (S.D. Fla. 2014) (emphasis added) (dismissing Section 1983 claim for supervisory liability against City of Miami mayor).

In sum, Anaya cannot sue Miami City Hall because it is a building. Additionally, he has set forth no allegations against the Mayor, much less allegations upon which he could be found liable under Section 1983 for a constitutional violation. Thus, Plaintiff has failed to name a proper Section 1983 defendant.

### 3. Vague and Conclusory Allegations

Plaintiff does not sufficiently alleged facts demonstrating that his rights have been violated. The sparse facts alleged in the Complaint *appear* to describe a routine strip search of an arrestee for security and safety reasons, but the Undersigned cannot be certain because Plaintiff fails to provide sufficient context.

The Eleventh Circuit has stated "that the Fourth Amendment does not require reasonable suspicion for body cavity inspection searches in detention facilities, and it is not a violation of the Fourth Amendment to strip search an arrestee as part of the booking process, **so long as it is done in a non-abusive and reasonable manner**. *Watkins v. Pinnock*, 802 F. App'x 450, 456 (11th Cir. 2020) (citing *Powell v. Barrett*, 541 F.3d 1298, 1308, 1314 (11th Cir. 2008) (*en banc*) (emphasis added)). Thus, Plaintiff must allege facts (not conclusory allegations or "buzz words") concerning the circumstances of the alleged strip search(es) which violate the Fourth Amendment.

Moreover, it is also unclear *how* Plaintiff's freedoms of speech and religion were violated or how this (seemingly routine strip search) constituted an unreasonable search, cruel and unusual punishment, or a *Miranda* rights violation. [ECF No. 1, p. 4]. Nor does Anaya expound on how this strip search constituted "excessive police force with injuries" or "death attempts with torture" -- provided these allegations are related to the strip search. It may well be that other facts support these alleged violations, but they have yet

to be pled in this case. Plaintiff will need to clarify this (and other issues) in an amended complaint, if he chooses to continue to pursue this action.

### 4. Contradictory Allegations Regarding Injuries and Improper Relief

Additionally, the Complaint contradicts itself on the subject of whether Plaintiff suffered any injuries. *See* [ECF No. 1, pp. 4–5 (alleging "excessive police force **with injuries**" but writing "None" in the "IV. Injuries" section of the pre-printed Complaint)].

Lastly, the relief sought by Plaintiff -- to have all Miami City Hall records of his alleged false arrest cleared -- is not available in a Section 1983 action and there are no facts alleged in the Complaint concerning a false arrest. *See Moore v. Robinson*, No. 5:19-CV-1455-CLM-GMB, 2021 WL 4046714, at *1 n.1 (N.D. Ala. May 26, 2021), *report and recommendation adopted*, No. 5:19-CV-1455-CLM-GMB, 2021 WL 4034087 (N.D. Ala. Sept. 3, 2021) ("Moore also seeks the 'expungement of criminal records,' but this relief is not appropriate in a § 1983 action and is unrelated to the allegations in his complaint.").

In sum, the Court *sua sponte* **dismisses without prejudice** Plaintiff's Complaint as a shotgun pleading (and points out additional pleading deficiencies which must be corrected in any to-be-filed amended complaint).

### C. Amending the Complaint Through a "Supplement'

As noted above, Plaintiff attempted to amend his Complaint [ECF No. 1] by filing a Supplement [ECF No. 6].

"[T]he proper method to request leave to amend [a pleading] is through filing a

motion[.]" *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015); *see also Macker v. Macker*, No. 6:23-CV-1963-CEM-DCI, 2024 WL 2052074, at *4 (M.D. Fla. Jan. 30, 2024), *report and recommendation adopted*, No. 6:23-CV-1963-JSS-DCI, 2024 WL 1827240 (M.D. Fla. Apr. 26, 2024) ("[T]o the extent [the] [p]laintiff seeks to amend a [c]omplaint through the supplement, [the] [p]laintiff may not do so." (citing *Burgess*, 600 F. App'x at 665)); *Cohns v. Ga.*, No. CV 421-106, 2022 WL 22673083, at *6 (S.D. Ga. Feb. 4, 2022) ("[The] [p]laintiff may not amend his complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading.").

In any event, the Court is *sua sponte* providing Plaintiff with an opportunity to correct the pleading deficiencies identified in this Order by filing an amended complaint.

Accordingly, the Court **strikes** Plaintiff's Supplement [ECF No. 6] to the Complaint as an impermissible filing.

### D. Plaintiff's Motion for Referral to the Volunteer Attorney Program is Denied as Moot without Prejudice

Also pending before the Court is Plaintiff's motion seeking a referral to the Volunteer Attorney Program [ECF No. 4]. The Court **denies as moot** Plaintiff's motion **without prejudice to renew** (if appropriate).

### V. Conclusion

For the reasons stated above, the Undersigned *sua sponte* **dismisses** the Complaint [ECF No. 1] **without prejudice but with leave to amend, strikes** the Supplement [ECF

No. 6], and **denies as moot** Plaintiff's motion seeking a referral to the Volunteer Attorney Program [ECF No. 4].

If Plaintiff decides to file an amended complaint, then he must do so by no later than **Friday, May 30, 2025**. Plaintiff may also file a new motion for referral to the Volunteer Attorney Program by the same deadline.

**The failure to timely file an amended complaint will result in an Order dismissing the action and directing the Clerk of the Court to close this case**. *See Calden v. Carnival Corp.*, No. 16-21119-CIV, 2017 WL 3773691, at *1 (S.D. Fla. June 22, 2017) ("Courts are vested with [the] inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' and 'to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 9, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
*Pro Se* Plaintiff
All Counsel of Record